Evan Selik (SBN 251039)
Christine Zaouk (SBN 251355)
McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, California 90014
(213) 225-6150 / Fax (213) 225-6151
eselik@mccathernlaw.com
czaouk@mccathernlaw.com

Attorneys for Plaintiff,
ADAM ALFIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM ALFIA, individually and on behalf of other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COINBASE GLOBAL, INC.; and DOES 1 through 50 <br><br> Defendants. | CASE NO. <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. **BREACH OF CONTRACT** <br> 2. **NEGLIGENCE** <br> 3. **FRAUD** <br> 4. **NEGLIGENT MISREPRESENTATION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, ADAM ALFIA ("Plaintiff") on behalf of himself, and all others similarly situated, complains and alleges as follows:

# INTRODUCTION

1. This is a consumer class action lawsuit pursuant to Fed. R. Civ. P. Rule 23, seeking damages for the data breach allowed Defendants.

# JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to diversity jurisdiction under 28 U.S. Code §1332(a)(1). Plaintiff is a citizen of Texas. Defendant, Coinbase Global, Inc., has its principal place of business in San Francisco, California.

# PARTIES

3. Plaintiff, Adam Alfia is an adult individual who resides in Dallas, Texas. Within the statute of limitations for the claims made herein, Plaintiff experienced damage as a result of Defendants conduct.

4. Plaintiff appears in this action on behalf of himself and on behalf of all others similarly situated.

5. Plaintiff is informed and believes that Defendants, Coinbase Global, Inc. and DOES 1 through 10 (hereinafter "Coinbase") are a platform for consumers to buy, sell and manage cryptocurrency.

6. Plaintiff is informed and believes that DOES 1 through 50 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Plaintiff.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

7.    Plaintiff is unaware of the true names of Defendants DOES 1 through 50. Plaintiff sues said Defendants by said fictitious name, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believe that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

8.    Plaintiff is informed and believes, and based thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believe and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action and DOES 1 through 50.

///

9. At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venture of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent and knowledge of each of the other Defendants.

**FACTS COMMON TO ALL CAUSES OF ACTION**

10. Coinbase stated in 2012 and is an online platform that allows consumers all over the world the ability to able to securely send and receive Bitcoin. Currently, Coinbase has expanded its platform for accessing the broader cryptoeconomy, including Ethereum. On April 15, 2021, Coinbase went public.

11. Mr. Alfia used Coinbase as a way to buy, sell and manage his cryptocurrency. He commonly traded Bitcoin, Ethereum and Dogecoin through Coinbase.

12. On July 19, 2021, Mr. Alfia logged into his Coinbase account to find that a purchase of $50,000 of Ethereum had occurred. Mr. Alfia did not make this purchase or consent to have any other person or entity make this purchase.

13. Thereafter, on the same day, Mr. Alfia logged into his Bank of America banking account to investigate if the $50,000 used to purchase Ethereum had actually been deducted from his Bank of America banking account. He saw that it had. This caused Mr. Alfia great stress and worry.

///

14. Mr. Alfia lodged a complaint with Coinbase wherein he explained what had occurred. In turn, Coinbase locked Mr. Alfia out of his account for approximately two months. Mr. Alfia was not able to transact any of his cryptocurrency during this period of time.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

15. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated persons as a class action pursuant to Fed. R. Civ. P. Rule 23. The members of the Class are defined as follows:

> All persons residing the United States and its Territories who, during the period beginning four (4) years prior to the filing of this Complaint and continuing through the date of resolution of this case, had a Coinbase account that was breached by a source other than that Coinbase account holder

16. This action has been brought and may be properly maintained as a class action pursuant to the provisions of Fed. R. Civ. P. Rule 23 and other applicable law.

17. **Numerosity of the Classes**: Members of the class are so numerous that their individual joinder is impracticable. Plaintiff estimate that there are no less than 1,000 persons in the identified class. The precise number of class members and their addresses are unknown to Plaintiff. However, Plaintiff is informed and believes and thereon alleges that the number can be obtained through Coinbase's records of account holders. Class members may be notified of the pendency of this action by conventional mail, electronic mail, the Internet, or published notice.

///

18. **<u>Existence of Predominance of Common Questions of Fact and Law</u>**: Common questions of law and fact exist as to all members of the class. These questions predominate over any questions effecting only individual members of the class. These common factual and legal questions include:

(a) Whether Coinbase allowed a source that was not the account holder on the account to breach the account;

(b) Whether Coinbase was negligent in keeping its account holders accounts safe from third party breaches;

(c) Whether Coinbase follows reasonable procedures to assure the maximum possible security from data breaches;

(d) Whether Coinbase knew, or should have known, that its procedures to safeguard data breaches were not reasonable procedures;

(g) Whether Coinbase raise any affirmative defenses that are universal in application.

19. **<u>Typicality</u>**: Plaintiff's claims are typical of the claims of the members of the class, which all arise from the same operative facts and are based on the same legal theories.

20. **<u>Adequacy</u>**: Plaintiff will adequately and fairly protect the interests of the members each of the class. Plaintiff has no interest adverse to the interests of absent class members. Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation.

21. **Superiority**: A class action is superior to other available means for fair and efficient adjudication of the claims of the class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of each class to seek and obtain relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### (By Plaintiff and the Class against all Defendants)

22. Plaintiff incorporates paragraphs 1 through 23 of this complaint as though fully alleged herein.

23. Plaintiff, and those similarly situated, entered into a written contract (with implied provisions) with Coinbase. The terms of the contract were found in the Sections 5, 10, and 11 of Coinbase's Privacy Policy. Attached hereto and incorporated herein as **Exhibit "A"** is a true and correct copy of the Privacy Policy.

///

24. As more fully set forth in the paragraphs incorporated herein, Defendants breached the contract by failing to properly secure Plaintiff's Coinbase account allowing it to be pillaged an unauthorized individual or entity.

25. Plaintiff and the putative class has performed all covenants and conditions required under the contract or have been excused from doing so due to Defendant's breach.

26. As a proximate result of Defendant's breach, Plaintiff and the putative class suffered economic loss.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE**
**(By Plaintiff and the Class against all Defendants)**

27. Plaintiff incorporates paragraphs 1 through 26 of this complaint as though fully alleged herein.

28. At all relevant times, Coinbase had a duty to Plaintiff and the putative class wherein it would properly secure their private information and cryptocurrency from unauthorized transactions and dissemination.

29. Coinbase failed to properly secure Plaintiff and the putative class's private information and cryptocurrency from unauthorized transactions and dissemination.

30. As a result of Defendant's conduct as alleged herein, Defendant breached its duty to Plaintiff and the putative class, thus causing significant damage, worry and stress.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

# THIRD CAUSE OF ACTION
## FRAUD
**(By Plaintiff and the Class against all Defendants)**

31. Plaintiff incorporates paragraphs 1 through 30 of this complaint as though fully alleged herein.

32. Coinbase represents that it "maintains appropriate physical, technical and administrative safeguards to protect the security and confidentiality of the personal information" of its account holders.

33. Coinbase knew that the above referenced representations were false at the time they were made and that the above misrepresentations would damage Plaintiff and the putative class.

34. Plaintiff and the putative class relied on these misrepresentations by continuing to transact their cryptocurrency through Coinbase. Plaintiff and the putative class were reasonable in their reliance. Plaintiff and the putative class's reliance were ultimately detrimental.

35. As proximate result of Defendant's conduct, Plaintiff suffered significant economic loss. Plaintiff is entitled to punitive damages in an amount that the trier of fact finds reasonable.

# FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
**(By Plaintiff and the Class against all Defendants)**

36. Plaintiff incorporates paragraphs 1 through 35 of this complaint as though fully alleged herein.

37. Plaintiff alleges, in the alternative, that the misrepresentations of material facts set forth herein above by Coinbase were done negligently and recklessly, proximately resulting in injuries and damages to Plaintiff and the putative class herein, as more fully set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, pray for relief and judgment against Defendant as follows:

1. That this action be certified as a class action pursuant to Fed. R. Civ. P. Rule 23;

2. That judgment be entered for Plaintiff and the class against Defendants for damages;

3. That judgment be entered for Plaintiff and the class against Defendants for punitive damages for committing fraud;

4. That the Court award prejudgment and post-judgment interest at the maximum legal rate;

5. That the Court award attorneys' fees;

6. That the Court awarding cost of suit herein; and

///

///

///

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

7.  All such other and further relief as the Court deems just.

Date: November 8, 2021                                    McCATHERN LLP

                                              By:  *Evan Selik*
                                              _____
                                              EVAN SELIK
                                              CHRISTINE ZAOUK
                                              Attorneys for Plaintiff,
                                              ADAM ALFIA

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class on all claims so triable.

Date: November 8, 2021                    McCATHERN LLP

By: *Evan Selik*
_____
EVAN SELIK
CHRISTINE ZAOUK
Attorneys for Plaintiff,
ADAM ALFIA

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150