Evan Selik (SBN 251039)
Christine Zaouk (SBN 251355)
McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, California 90014
(213) 225-6150 / Fax (213) 225-6151
eselik@mccathernlaw.com
czaouk@mccathernlaw.com

Attorneys for Plaintiff,
ADAM ALFIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ADAM ALFIA, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COINBASE GLOBAL, INC.; and DOES 1 through 50<br><br>Defendants. | CASE NO. 4:21-cv-08689-HSG<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S REPLY REGARDING ITS MOTION TO COMPEL ARBITRATION AND TO STAY THE CASE; ORDER**<br><br>Date: April 14, 2022<br>Time: 2:00 p.m.<br>Dept.: 4th Floor, Courtroom 2<br><br>Complaint Filed: November 8, 2021<br>Trial Date: None |

///

///

///

Plaintiff, Adam Alfia, individually and on behalf of other persons similarly situated, ("Alfia" or "Plaintiff") respectfully move this Court for leave to file a Sur-reply in response to Coinbase's ("Coinbase" or "Defendant") Reply papers submitted in regards to its Motion to Compel Arbitration.  New facts have developed since Defendant filed its Reply on February 11, 2022.  This, coupled with the arguments made in Defendant's Reply regarding unconscionability and the 2019 User Agreement, should allow Plaintiff to file a Sur-reply of not more than five pages.

A district court may allow a sur-reply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  *Hill v. England*, WL 3031136 at *1 (E.D. Cal. 2005).  District courts have the discretion to either permit or preclude a sur-reply. *Garcia v. Biter*, 195 F.Supp.3d 1131, 1134 (E.D. Cal. 2016).

Plaintiff satisfy this requirement.  In its Reply, Defendant's argue that the delegation clause and the arbitration provision itself are not unconscionable because Mr. Alfia "had a meaningful choice to use other exchanges or forgo digital currency trading altogether. [Dkt. 23, p. 10:3-4].  New facts that have come to light within the last week of this filing that show otherwise.  Plaintiff intends to submit multiple declarations from a Coinbase consumers who are being required to "consent" to and "Updated User Agreement" and when they decline to do so, the consumers are locked out of their accounts and cannot get back in until they consent.  These consumers

have cryptocurrency (money) in their Coinbase accounts and are being locked out of their accounts until they consent to an "Updated User Agreement".

These consumers cannot just go to another exchange or forgo digital currency because their money is in their Coinbase accounts.  These consumers have no choice.  It is unconscionable and improper for Defendant to require a consumer to leave their money placed in their Coinbase account and go somewhere else, unless they consent to an "Updated User Agreement".  Coinbase has turned its purported arbitration agreement in its "Updated User Agreement" in a contract of adhesion, a type of "take it or leave it" contract.

A contract of adhesion is defined as "a standardized contract, imposed upon the subscribing party without an opportunity to negotiate the terms." *Flores v. Transamerica Homefirst, Inc.,* 93 Cal.App.4th 846, 853.  A finding of a contract of adhesion is essentially a finding of procedural unconscionability." *Id.; Circuit City Stores, Inc. v. Adams,* 279 F.3d 889, 893 (9th Cir.2002).

Second, in Defendant's Reply it argues that both the 2017 and 2019 User Agreements compel Mr. Alfia to arbitrate.  If true, why is Coinbase asking its consumers to consent to an "Updated User Agreement" with an arbitration provision?

///

///

///

For these reasons, Plaintiff respectfully requests leave to file a Sur-reply of no more than five page.

Date: March 22, 2022                         McCATHERN, LLP

                                    By:    /s/ Evan Selik
                                           Evan Selik
                                           Christine Zaouk
                                           Attorneys for Plaintiffs,
                                           ADAM ALFIA

**ORDER**

DATED: 3/23/2022



DENIED

Judge Haywood S. Gilliam Jr.